IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ismael Genao,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Warden J. T. Shartle,<br><br>　　　　Respondent. | No. CV 14-2402-TUC-FRZ (LAB)<br><br>**Report and Recommendation** |

　　　　Pending before the court is the respondent's motion to dismiss for lack of subject matter jurisdiction, filed on May 27, 2015.  (Doc. 19)

　　　　On October 6, 2014, the petitioner, Ismael Genoa, filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1)  He argues the Bureau of Prisons (BOP) erroneously denied his request to serve the final five months of his sentence in a halfway house.  *Id*.  In the pending motion, the respondent argues the petition should be denied as moot because Genoa has been released from BOP custody.  (Doc. 19)

　　　　Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

　　　　The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order granting the motion.  Genoa's petition is now moot.

Background

On October 6, 2014, the petitioner, Ismael Genoa, filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1)  He argues the Bureau of Prisons, erroneously denied his request to serve the final five months of his sentence in a halfway house in New York.  *Id*.  This court issued a service order on April 1, 2015.  (Doc. 11)

On May 27, 2015, the respondent filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 19)  The respondent notes that Genoa was released from federal custody on April 10, 2015, nine days after the court's screening order issued.  *Id*.  He argues Genoa's petition asking this court to order the BOP to place him in a halfway house for the final five months of his sentence is now moot.  *Id*.

This court subsequently issued an order instructing Genoa that if he did not file a response to the motion to dismiss by June 29, 2015, the action could be dismissed without further notice.  (Doc. 18)  This instruction did not reach Genoa, however, because Genoa has not kept the court informed as to his current address.  The court previously warned Genoa that failure to keep the court appraised of his current address in accordance with LRCiv 83.3(d) could result in dismissal of the action.  (Doc. 11, p. 3)

Discussion

A party seeking to invoke the jurisdiction of the federal courts must, as a threshold matter, establish "standing" under Article III of the United States Constitution. *Schmier v. U.S. Court of Appeals for Ninth Circuit*,  279 F.3d 817, 820-21 (9th Cir. 2002).  The "core" or "bedrock" elements of standing are "a (1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress."  *Id.*

Mootness is a related term sometimes defined as "the doctrine of standing set in a time frame." *U. S. Parole Commission v. Geraghty*,  445 U.S. 388, 397 (1980).  "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *American Cas. Co. of Reading, Pennsylvania v. Baker*,  22 F.3d 880, 896 (9th Cir. 1994).  When a case becomes moot, the court loses jurisdiction and the matter must be

dismissed. *Doe v. Madison School Dist. No. 321*, 177 F.3d 789, 797-99 (9th Cir. 1999). The court will not render advisory opinions. *Dream Palace v. County of Maricopa*, 384 F.3d 990, 999 (9th Cir. 2004).

Genoa has been released from federal custody. His petition arguing the BOP erroneously denied his request to be placed in a halfway house for the final five months of his sentence alleges an error that can no longer be redressed. His petition is now moot. *See, e.g., Qureshi v. Sanders*, 563 F.Supp.2d 1154, 1157 (C.D.Cal. 2008) (dismissing as moot habeas petition seeking immediate placement in a halfway house because the petitioner had been released from BOP custody).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition as moot.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without leave of court.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 13th day of July, 2015.

Leslie A. Bowman
United States Magistrate Judge